IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY DOVER, #217258, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:10-CV-499-ID |
| ) | [WO] |
| ) | |
| OFFICER RODERICK UNDERWOOD, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Larry Dover ["Dover"], a state inmate, challenges actions taken against him by officer Roderick Underwood during his confinement at the Staton Correctional Facility. On July 21, 2010, the defendant filed a response to the complaint. The evidentiary materials filed in support of this response establish that Dover has a prior civil action pending before the Circuit Court of Montgomery County, Alabama, *Dover v. Underwood*, CV-2010-390, in which he complains of the same actions made the basis of the present complaint. The law is well settled that the plaintiff may pursue his federal civil rights claims in the aforementioned state action. *Terrell v. City of Bessemer*, 595 So.2d 337 (Ala. 1981).

In light of the foregoing, the court entered an order requiring "that on or before August 2, 2010 the plaintiff ... show cause why the instant case should not be dismissed so that he can proceed on his claims in [one] cause of action before the state court." *Order of July 22, 2010 - Court Doc. No. 12*. The court specifically advised Dover "that if he fails to file a response to this order the court will recommend that this case be dismissed without prejudice to the rights of the plaintiff to pursue his federal civil rights claims in the pending state court action." *Id*. Dover has filed nothing in response to this order. Thus, the court concludes that the instant cause of action is due to

dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice to the rights of the plaintiff to pursue his federal civil rights claims in the pending state action.

It is further

ORDERED that on or before August 29, 2010 the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th day of August, 2010.

    /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE